IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:11-cv-238-JRG |
| | § | |
| v. | § | |
| | § | |
| DMITRY KAGAN | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

The Plaintiffs' Motion for Alternative Service of Process Under Fed. R. Civ. P. 4(f)(3) is before the Court. (Dkt. No. 7.) Upon due consideration, the Court GRANTS the Plaintiffs' motion, to the extent and in the manner as set forth herein.

**II.    Factual and Procedural Background**

Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail Limited (collectively "RPost") filed this action on April 29, 2011 seeking relief against Mr. Dmitry Kagan ("Kagan") for alleged infringement of RPost's patent and trademarks through pointofmail.com, a website purportedly owned by Kagan. Through the company that hosts pointofmail.com's website, RPost obtained a physical address in Israel where it believed Kagan was located. (Dkt. No. 7, at Ex. 1.) Based on this address, RPost attempted to serve the Summons and Complaint upon Kagan under the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). *Id*., at Ex. 5. Attempted service upon Kagan pursuant to the Hague Convention at the address obtained through the company that hosts pointofmail.com was unsuccessful. Such attempt failed because the State of Israel Directorate of

Courts informed RPost that service could not be completed at that physical address because Kagan had moved to an "unknown address." *Id.*, at Ex. 6.

Despite their difficulty identifying Kagan's physical address in Israel, RPost has successfully reached Kagan through an email address that was also provided by pointofmail.com's web host. *Id.* at 3. Within days of sending an email to Kagan, RPost's counsel received a response from an attorney in Israel, Jonathan Agmon ("Agmon"), stating that he represented Kagan "with regard to responding to your letter." *Id.*, at Ex. 4. In the ensuing months, Agmon and RPost's counsel exchanged several emails, but Agmon refused to accept the Summons and Complaint on Kagan's behalf and declined to provide a valid address through which Kagan could be served under the Hague Convention. *Id.*, at Ex. 7.

RPost now asks this Court to authorize alternative service of process under Fed. R. Civ. P. 4(f)(3) by requesting permission to serve Kagan by electronic mail on both Kagan and his attorney, Agmon.

## III. Discussion

### A. The Hague Service Convention is Inapplicable

Federal Rule of Civil Procedure 4(f)(1) provides that use of Hague Convention procedures is "mandatory if available at the place of service." *Gramercy Ins. Co. v. Kavanagh*, 3:10-cv-1254, 2011 U.S. Dist. Lexis 50003, at *2 (N.D. Tex. May 10, 2011) (citing 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1134, at 311 (3d ed. 2002 & Supp. 2011)). However, the "Convention shall not apply where the address of the person to be served with the document is not known." *Id.* (citing *Chanel, Inc. v. Zhibing*, 2010 U.S. Dist. LEXIS 25709, at *3 (W.D. Tenn. Mar. 17, 2010) (granting email service on foreign defendant, holding

2

that "[b]ecause the [Hague] Convention does not apply, this Court has broad authority to determine an appropriate alternative method of service.").

RPost has reasonably worked to comply with the Hague Convention. They sought Mr. Kagan's physical address from the company that hosts Kagan's website, and attempted to serve process based on that address. They specifically requested Kagan's address from Agmon. None of these efforts resulted in effective service upon Kagan according to the Hague Convention. Nothing before the Court disputes that Kagan's actual location remains unknown. As cited above, the State of Israel Directorate of Courts noted that Kagan "moved to an <u>unknown</u> address." (Dkt. No. 7, at Ex. 6.) Therefore, this Court finds that under these facts the Hague Convention is inapplicable and accordingly service of process under Rule 4(f)(3) is not prohibited by international agreement.

**B. Service by E-Mail Comports with the Requirements of both Rule 4(f)(3) and Due Process**

Any method of service of process arrived at pursuant to Rule 4(f)(3) must comport with constitutional notions of due process. *See Gramercy,* 2011 U.S. Dist. Lexis 50003, at *2; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet this requirement, the method of service crafted must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 312 (1950).

RPost has successfully and repeatedly reached both Kagan and Agmon via email. (Dkt. No. 7, at 3) ("Through RPost's registered E-mail® technology, RPost's counsel was able to confirm that the email was successfully delivered."); *Id.*, at Ex. 4 ("Your letter dated March 17, 2011 to Mr. Dmitry Kagan has been forwarded to me."); *Id.*, at Ex. 7 (series of email

correspondence between Plaintiff's counsel and Agmon between May 1, 2011 and August 25, 2011). The Court has no material doubt that Mr. Kagan will be provided notice of this suit via email service, and that such method will comport with constitutional notions of due process. Accordingly, the Court finds that email service on both Kagan and his attorney, Agmon, are an appropriate means for notifying the Defendant of this action.

Further, the Court notes that the established physical address for Agmon's law office in Israel *is* well-known. Service on an attorney by ordinary mail may also satisfy the due-process requirements of Rule 4(f)(3). *See, e.g., Levin v. Ruby Trading Corp.,* 248 F. Supp. 537, 541 (S.D.N.Y. 1965) (finding that service on foreign attorney by ordinary mail satisfied due process by affording the best opportunity to defend against action where previous attempts at personal service had failed); *see also Forum Fin. Grp. v. President, Fellows of Harvard Coll.,* 199 F.R.D. 22, 23 (D. Me. 2001) (permitting service on foreign defendant's attorney, located in New York). Therefore, to ensure that the resulting service on Kagan under Rule 4(f)(3) comports to the fullest extent possible with constitutional notions of due process, the Court directs RPost to deliver a copy of the Summons and Complaint via international registered mail to Agmon at his law office address in Israel.

**IV.  Conclusion**

The Court GRANTS Plaintiff's Motion for Alternative Service of Process Under Fed. R. Civ. P. 4(f)(3) and directs RPost to serve process on Kagan under Rule 4(f)(3) by means of delivering the summons and compliant as follows: (1) by electronic mail on Kagan at the email address obtained from pointofmail.com's web host; (2) by electronic mail on Kagan's counsel, Agmon, at his email address shown in this case (Dkt No. 7, Ex. 7); and additionally (3) by international registered mail addressed to Agmon at his law office address in Israel as shown in

this case (Dkt. No. 7, Ex. 4.)  Thereafter, RPost is directed to file a notice with the Court, along with all necessary and appropriate exhibits, demonstrating compliance with each of the foregoing methods of service.

**So ORDERED and SIGNED this 23rd day of January, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE